UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RICHARD KING,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05cv1552 SNL |
| ) | |
| **CONTI ELECTRIC, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Richard King brought suit against his former employer, Defendant Conti Electric, alleging race discrimination and retaliatory termination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Missouri Human Rights Act (MHRA). This is before the Court on Conti's Motion to Dismiss Counts VII, VIII, and IX of Plaintiff's First Amended Complaint (# 19), filed January 31, 2006. Conti argues that King's MHRA claims must be dismissed for failure to exhaust administrative remedies.

King filed charges of discrimination with both the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), claiming harassment and unlawful termination. King requested and received two right to sue letters from the EEOC, dated September 20, 2005, and filed suit in this Court on September 23, 2005 under Title VII and 42 U.S.C. § 1981. In a letter dated October 31, 2005, the MCHR advised Conti that it dismissed King's case. Then on January 17, 2006, King filed an amended complaint, adding claims under the MHRA. After Conti filed the instant Motion to Dismiss, King contacted the MCHR, which reported that the

1

dismissal of King's case was in error. The state agency re-opened King's case, and issued right to sue letters on February 7, 2006.

Under the MHRA, a claimant must file a charge of discrimination with the agency within 180 days after "the alleged act of discrimination." Mo. Rev. Stat. § 213.075(1). If, after 180 days from filing a complaint, the MCHR has not completed the administrative proceedings, the claimant may request a "right to sue" letter from the MCHR, and may bring suit within 90 days. Mo. Rev. Stat. § 213.111(1). If, however, the MCHR does reach a final decision, an aggrieved party can contest their findings by filing suit within thirty days after the mailing of the decision. Mo. Rev. Stat. § 213.085(2); *State ex rel. Tolbert v. Sweeney*, 828 S.W.2d 929, 931 (Mo. Ct. App. 1992), *overruled on other grounds by*, *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82 (Mo. 2003).

Obtaining a right to sue letter from the EEOC is not a substitute for obtaining one from the MCHR. A plaintiff must obtain a letter from both state and federal agencies if he wishes to bring suit under state and federal statutes. *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003) (citing *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir. 1998)). Obtaining a right to sue letter from the MCHR is a prerequisite to filing an MHRA claim, however this prerequisite is not a jurisdictional requirement. *Pub. Sch. Ret. Sys. v. MCHR*, --- S.W.3d ---, No. WD 65106, slip op. at 8 (Mo. Ct. App. Feb. 14, 2006) (citing *Igoe v. Dep't of Labor & Indus. Relations*, 152 S.W.3d 284, 287 (Mo. banc. 2005)). Thus, it is subject to waiver, estoppel, and equitable tolling, and may be cured after the action has been commenced. *Walker v. St. Anthony's*, 881 F.2d 554, 556-57 (8th Cir. 1989); *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146,

149 (E.D. Mo. 1996); *Pollock v. Wetterau Food Distr. Group*, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999).

In this case, the MCHR closed King's case in error. After being contacted by King, the agency reopened his case and issued right to sue letters. Given the circumstances, equitable relief is proper. King cured the defect in his MHRA claim, and therefore may proceed with his state law claims. Conti's Motion to Dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#19) be and is **DENIED**.

Dated this 1st day of May, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE